**Kenneth L. BILLINGS, Petitioner,**

**v.**

**DISTRICT UNEMPLOYMENT COMPEN-SATION BOARD, Respondent.**

**No. 10718.**

District of Columbia Court of Appeals.

Submitted Sept. 9, 1976.

Decided Dec. 1, 1976.

---

Kenneth L. Billings pro se.

Russell L. Carter, Bill L. Smith, Robert J. Hallock, Washington, D.C. and Earl S. Vass, Jr., Richmond, Va., were on the brief for respondent.

Before KELLY, GALLAGHER and NEBECKER, Associate Judges.

PER CURIAM.

Petitioner seeks a review of a decision of the District Unemployment Compensation Board denying his application for unemployment benefits allegedly due to him from a job he held with the Hillwood Museum. We deny the petition for review and affirm the decision of the Board.

Petitioner retired from the United States Army on August 25, 1972 after more than 26 years of service; because of that service he receives $768.44 a month in retirement payments. Petitioner was then employed by the Smithsonian Institution from May 5, 1974 to August 2, 1975 as a guard at the Hillwood Museum. After resigning from that job on his doctor's advice, he sought unemployment compensation from the District of Columbia. The Unemployment Compensation Board denied his request relying on D.C.Code 1973, § 46–307(c) which provides in part that:

> Benefits payable to an individual with respect to a week shall be reduced . . . by any amount received or applied for with respect to such week as a retirement pension or annuity under a public or private retirement plan or system *provided, or contributed to, by any base period employer.* (Emphasis added.)

Petitioner asserts that the Board was incorrect in finding that he was a federal employee while working at the Hillwood Museum and that therefore D.C.Code 1973, § 46–307(c) does not apply since that section states only that benefits shall be reduced by amounts received from funds

contributed by the base period employer.[1] If the base period employer is not the same employer from whom an individual is receiving an annuity, § 46–307(c) does not apply and petitioner would be eligible for unemployment compensation.

■ There has been a federal finding, however, under 20 C.F.R. § 609.6 (1975) (Form ES–931) that petitioner was a federal employee for purposes of unemployment compensation. This certified finding is final and conclusive under 20 C.F.R. § 609.18 (1975) and the Board must accept that as a given fact.[2]

■ Because petitioner may not now challenge his classification as a federal employee, the only other issue that must be resolved is whether the federal government should be deemed a single employer for purposes of § 46–307(c) when petitioner is retired from military service and the job from which he is seeking unemployment compensation was civil service. Both the Department of Labor and the District Unemployment Compensation Board have adopted the position that the federal government should be deemed to be a single employer in such a situation. In its *Employment Security Manual* the Labor Department states that:

> State employment security agencies which, in accordance with State law, deduct employer-contributed pensions from State unemployment benefits are to deduct Federal civil service annuity payments and U.S. military and veterans' retirement and pension payments . . . from UCFE [Unemployment

Compensation for Federal Civilian Employees] and UCX [Unemployment Compensation for Ex-Servicemen] benefits

. . . .

. . . .

. . . For the purpose of deducting Federal civil service annuity payments and U.S. military and veterans' retirement and pension payments from UCFE and UCX benefits, all Federal civilian employment and U.S. military service is considered to be employment for a single employer—the United States. Accordingly, if Federal civil service annuity payments are deductible, they are deductible from both UCFE and UCX benefits. Similarly, if U.S. military and veterans' retirement and pension payments are deductible, they are deductible from both UCFE and UCX benefits.

*Id.* part V, § 6661. The District's *Unemployment Compensation for Ex-Servicemen Handbook* 67–68 (1973) takes the same position.

This court should overrule the administrative interpretation of § 46–307(c) by these agencies charged with administering the statutes only if it is unreasonable either in light of the record or prevailing law. *Unemployment Compensation Comm'n v. Aragon,* 329 U.S. 143, 153–54, 65 S.Ct. 245, 91 L.Ed. 136 (1946). We find that the Board's determination that military and civilian employment constitute employment by a single employer is neither unreasonable nor arbitrary and we leave it undisturbed.

*Affirmed.*

---

1. The base period employer is the employer who contributes to the unemployment compensation fund.

2. Petitioner relies on a letter from Gladys W. Harris, Personnel Assistant at the Smithsonian, which states that he was not a federal employee. The letter, however, cannot rebut the federal finding.